UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL M. MAGDZIAK,<br><br>       Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>       Defendant. | Case No.:  3:17-cv-01367-JAH-RNB<br><br>**ORDER DENYING MOTION TO SEAL (ECF No. 35)** |

  Pending before the Court is Plaintiff Daryl M. Magdziak's ("Plaintiff") Motion to Seal.  (ECF No. 35, "Mot.").  Therein, Plaintiff requests this Court issue an order sealing "sensitive information . . . [that] inva[des his] privacy" from this matter, although Plaintiff does not identify what information he considers to be sensitive.

  In the United States, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).  To overcome the strong presumption in favor of public access to court records, a party seeking to maintain a judicial record under seal has the burden to show "compelling reasons supported by specific factual findings" that justify sealing the records.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009); *Kamakana*, 447 F.3d at 1178.  Additionally, the party must show that

compelling reasons "outweigh the general history of access and the public policies favoring disclosure." *Pintos*, 605 F.3d at 678. The Ninth Circuit notes:

> "[C]ompelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

Here, Plaintiff has not met his burden to show compelling reasons that outweigh the public policy favoring disclosure of court records for an order to seal the record in this matter. Plaintiff's assertion that the published information reveals sensitive information constituting an invasion of his privacy, alone, is an insufficient basis to grant his request. Accordingly, the motion to seal is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 12, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE